United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

No. 05-21086

(Summary Calendar)

MARTIN MIDSTREAM PARTNERS,

Plaintiff-Appellant,

versus

BOONE TOWING INC,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. 4:04-CV-2109

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

We previously remanded this case to the district court for amendment of its judgment to include findings of fact and conclusions of law as required by Rule 52(c). We now address

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellant's remaining argument that the district court erred in granting judgment as a matter of law at the conclusion of Appellant's case in chief. Appellant contends that the evidence it introduced was sufficient to demonstrate that Appellee negligently caused the boat collision at issue in the case.

We review findings of fact made pursuant to Rule 52(c) for clear error and conclusions of law *de novo*. *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006). The credibility determination of witnesses is particularly in the province of the district court. *Bursztajn v. United States*, 367 F.3d 485, 489 (5th Cir. 2004).

After reviewing the record and the district court's findings, we find that Appellant failed to introduce evidence sufficient to demonstrate that Appellee acted negligently. Accordingly, the district court did not err in granting judgment as a matter of law.

AFFIRMED.